UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAIN  PASS  OIL  GATHERING COMPANY, LLC | CIVIL ACTION |
| | NO. 25-890 |
| VERSUS | |
| | SECTION "B" (3) |
| SUBSEA 7 MARINE (US) INC. | |

**ORDER AND REASONS**

Before the Court are two related motions. In the first (R. Doc. 52), Intervenor Plaintiffs Anadarko Petroleum Corporation and Anadarko U.S. Offshore, LLC (collectively, "Anadarko") seek leave to file a First Supplemental and Amended Complaint. In the second (R. Doc. 53), Defendant Subsea 7 Marine (US) Inc. ("Subsea 7") requests leave to file a Third-Party Complaint. Both motions are opposed. Having carefully considered the parties' briefing and the record of this matter in the light of the applicable law, the Court grants both motions.

## I.    Background

This action arises out of a crude oil leak off the coast of Louisiana.[1] Plaintiff Main Pass Oil Gathering Company, LLC ("MPOG") is the owner and operator of the oil pipeline that leaked.[2] According to MPOG, Subsea 7 designed, manufactured, and

---

[1] R. Doc. 1, ¶ 1.

[2] *Id.*

1

sold a defective connector ("Connector") that caused the spill.[3] MPOG seeks damages from Subsea 7.[4]

Subsea 7 seeks to implead MPOG's parent company and several of its subsidiaries ("Third Coast Entities").[5] According to Subsea 7, its Connector did not cause the leak. Instead, Subsea 7 maintains that Third Coast Entities' insufficient integrity management program caused the spill.[6] Subsea 7 denies any fault and, alternatively, asserts that any fault was caused by the acts, omissions, negligence, or fault of the Third Coast Entities.[7]

Anadarko, an oil and gas producer, intervened to assert claims under the Oil Pollution Act ("OPA") against MPOG.[8] Anadarko alleges that the pipeline leak caused Anadarko to lose the use of two production platforms.[9] Andarko now seeks to add claims against MPOG's affiliates and alter-egos and supplement the factual allegations asserted in its Intervenor Complaint.[10]

The District Court's Amended Scheduling Order set the deadline for amendment of pleadings as July 16, 2026.[11]

---

[3] *Id.*
[4] *Id.*
[5] R. Doc. 53-1 at 1.
[6] R. Doc. 53-3, ¶ 38.
[7] *Id.* ¶ 12.
[8] R. Docs. 10, 15, 16.
[9] R. Doc. 16.
[10] R. Doc. 52 at 1.
[11] R. Doc. 48 at 2.

## II.    Law and Analysis

### A.    Subsea 7 is granted leave to file a Third-Party Complaint.

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "But, the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." *Id.* The district court is given wide discretion in determining whether to permit leave. *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984). The court considers several factors when determining whether to grant a party leave to file a third-party complaint, including "avoiding circuitous actions, promoting judicial efficiency, obtaining consistent results, avoiding possible prejudice to other parties, the unreasonableness of the delay, and the lack of substance of the third-party complaint." *Martin v. Lafon Nursing Facility of the Holy Fam., Inc.*, CIV.A. 06-5108, 2007 WL 4163678, at *2 (E.D. La. Nov. 20, 2007) (citing *Am. Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89 (5th Cir. 1956)). "Impleader is [ ] only permitted in those cases in which a third party is derivatively or secondarily liable to the defendant." *Id.* (citing *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir.1967)).

MPOG opposes Subsea 7's motion based on the delay in filing it and the likelihood that granting it will complicate an already complex case.[12] The record does

---

[12] R. Doc. 56 at 2–3.

3

not support the conclusion that Subsea 7's delay was so undue as to support denial of its motion. Further, the mere fact that additional parties will complicate a complex case does not justify denying Subsea 7 the opportunity to amend.

The relevant factors weigh in favor of granting leave. Subsea 7 has alleged plausible theories of indemnity and contribution. The parties will not be prejudiced by the proposed impleader as the discovery deadline is months away.[13] Granting Subsea 7 leave to file its third-party complaint promotes the important goals of judicial efficiency and consistent results.

**B.      Anadarko is granted leave to file its First Supplemental and Amended Complaint in Intervention.**

Under Rule 15(a)(1), a party may amend its pleading once as a matter of course no later than 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." Under Rule 15(a)(2), if more than 21 days have passed after service of a 12(b) motion and no scheduling order has been entered, then the party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The language of Rule 15(a)(2) "evinces a bias in favor of granting leave to amend." *Chitimacha Tribe of Louisiana v. Harry L.L. Co.,* 690 F.2d 1157, 1163 (5th Cir. 1982); *see also Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420,

---

[13] R. Doc. 48 at 1.

425 (5th Cir. 2004). The Fifth Circuit has instructed that the "district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Although leave to amend is to be freely given under Rule 15(a)(2), "that generous standard is tempered by the necessary power of a district court to manage a case." *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). Factors relevant to the consideration of a motion for leave under Rule 15(a) include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Schiller*, 342 F.3d at 566. Denial of leave to amend is reviewed for abuse of discretion. *Mayeaux*, 376 F.3d at 425. "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Id.* (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)).

The Rule 15 factors weigh in favor of allowing amendment. Anadarko timely moved for leave to amend.[14] This is Anadarko's first request to amend its complaint.

---

[14] MPOG nonetheless argues that Anadarko's delay, although allowed by the Amended Scheduling Order, was undue. R. Doc. 55 at 5. As with Subsea 7's motion, Anadarko's delay was not so undue as to warrant denial of a facially timely motion.

Discovery is still in the early stages, and MPOG has not identified any concrete prejudice that would result from allowing amendment. *See Mayeaux v. Louisiana Health Services & Indemnity Company*, 376 F.3d 420 (5th Cir. 2004).

MPOG primarily argues that the amendment should be denied as futile because Anadarko failed to comply with the OPA's mandatory presentment process. An amendment is futile if it would fail to survive a motion to dismiss under Rule 12(b)(6). *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 873 (5th Cir. 2000)).

Although MPOG raises substantial arguments regarding the viability of Anadarko's newly asserted claims, at this stage, the Court cannot conclude on the present record that the proposed amendment is so clearly foreclosed from previous precedent as to warrant denial of leave under Rule 15. Anadarko's proposed amendment arises from the same underlying dispute and supplements its Intervenor Complaint. To the extent MPOG contends that the newly asserted claims fail as a matter of law, those arguments may be more appropriately addressed through a Rule 12 motion. Accordingly, considering Rule 15's liberal amendment policy and the procedural posture of this litigation, the Court grants Anadarko leave to amend.

6

## IV.      Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Leave to File Third-Party Complaint (R. Doc. 53) is **GRANTED** and the Third-Party Complaint (R. Doc. 53-3) be filed in the record.

**IT IS FURTHER ORDERED** that the Motion for Leave to File First Supplemental and Amended Complaint in Intervention (R. Doc. 52) is **GRANTED** and the First Supplemental and Amended Complaint in Intervention (R. Doc. 52-3) be filed in the record.

New Orleans, Louisiana, this 5th day of August, 2026.

_____
EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE