**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MAIN PASS OIL GATHERING COMPANY, LLC** | § | |
| | § | **CIVIL ACTION NO. 25-00890** |
| ***Plaintiff*,** | § | |
| | § | **JUDGE IVAN L.R. LEMELLE** |
| **v.** | § | |
| | § | **MAG. JUDGE EVA J. DOSSIER** |
| **SUBSEA 7 MARINE (US) INC.** | § | |
| | § | |
| ***Defendant.*** | § | |

**THIRD-PARTY DEFENDANT PANTHER OPERATING COMPANY, LLC'S ANSWER TO SUBSEA 7 MARINE (US) INC.'S THIRD-PARTY COMPLAINT**

Third-Party Defendant Panther Operating Company, LLC ("Panther"), by and through undersigned counsel, respectfully submits this Answer to Third-Party Plaintiff Subsea 7 Marine (US) Inc.'s ("Subsea 7") Third-Party Complaint (Dkt. 61) ("Third-Party Complaint"), and responds as follows:

**PARTIES**

1. Panther admits the allegations of Paragraph 1 of the Third-Party Complaint.

2. The allegations of Paragraph 2 of the Third-Party Complaint refer to a party other than Panther and do not require a response.

3. The allegations of Paragraph 3 of the Third-Party Complaint refer to a party other than Panther and do not require a response.

4. Panther admits the allegations of Paragraph 4 of the Third-Party Complaint.

5. The allegations of Paragraph 5 of the Third-Party Complaint refer to a party other than Panther and do not require a response.

## JURISDICTION

6. The allegations of Paragraph 6 of the Third-Party Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Panther does not contest the subject matter jurisdiction of this Court in this matter.

7. The allegations of Paragraph 7 of the Third-Party Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Panther does not contest the subject matter jurisdiction of this Court in this matter.

## FACTUAL ALLEGATIONS

8. Panther admits that there was a release of oil on the MPOG pipeline system on November 15, 2023. Panther denies the remaining allegations in Paragraph 8 of the Third-Party Complaint.

9. Panther states that the Complaint referenced in Paragraph 9 of the Third-Party Complaint is a written document that speaks for itself.

10. Panther admits the allegations of Paragraph 10 of the Third-Party Complaint.

11. The allegations of Paragraph 11 of the Third-Party Complaint refer to parties other than Panther and do not require a response. Panther further states that the Complaint in Intervention referenced in Paragraph 11 of the Third-Party Complaint is a written document that speaks for itself.

12. Panther admits that Subsea 7 has denied all allegations of fault asserted by Plaintiff and Plaintiff in Intervention in this action. Panther denies the remaining allegations in Paragraph 12 of the Third-Party Complaint.

13. The allegations of Paragraph 13 of the Third-Party Complaint state legal conclusions to which no response is required.

14. Panther denies the allegations in Paragraph 14 of the Third-Party Complaint.

15. Panther admits that a release of oil occurred on the MPOG pipeline system, which originates in the Main Pass Block 225 lease area and terminates at the Main Pass 69 station. Panther denies the remaining allegations in Paragraph 15 of the Third-Party Complaint.

16. The allegations of Paragraph 16 of the Third-Party Complaint refer to a party other than Panther, and no response is required.

17. Panther admits that the referenced control room was staffed 24 hours a day, 365 days a year with two pipeline controllers per twelve-hour shift. The remaining allegations of Paragraph 17 of the Third-Party Complaint refer to a party other than Panther, and no response is required.

18. Panther admits the allegations of Paragraph 18 of the Third-Party Complaint.

19. Panther admits that Cesar Sanchez was a pipeline controller assigned to monitor the MPOG pipeline system on the evening of November 15–16, 2023. The remaining allegations in Paragraph 19 of the Third-Party Complaint refer to parties other than Panther, and no response is required.

20. Panther admits that, while on duty, Sanchez was tasked with responsibility for monitoring data for the MPOG pipeline system.

21. Panther admits that Bourgeois was a field operator for the MPOG pipeline system. Panther denies the remaining allegations in Paragraph 21 of the Third-Party Complaint.

22. The allegations of Paragraph 22 of the Third-Party Complaint refer to a party other than Panther, and no response is required.

23. The allegations in Paragraph 23 of the Third-Party Complaint refer to a person other than Panther, and no response is required.

24. The allegations in Paragraph 24 of the Third-Party Complaint refer to a person other than Panther, and no response is required.

25. The allegations in Paragraph 25 of the Third-Party Complaint refer to persons other than Panther, and no response is required.

26. The allegations in Paragraph 26 of the Third-Party Complaint refer to persons other than Panther, and no response is required.

27. The allegations in Paragraph 27 of the Third-Party Complaint refer to persons other than Panther, and no response is required.

28. The allegations in Paragraph 28 of the Third-Party Complaint refer to persons other than Panther, and no response is required.

29. The allegations in Paragraph 29 of the Third-Party Complaint refer to persons other than Panther, and no response is required.

30. The allegations in Paragraph 30 of the Third-Party Complaint refer to persons other than Panther, and no response is required.

31. The allegations in Paragraph 31 of the Third-Party Complaint refer to persons other than Panther, and no response is required.

32. Panther admits that Sanchez's shift ended at 6:00 a.m. on November 16, 2023, and that Sanchez did not shut in the MPOG pipeline system during his shift. Panther denies the remaining allegations of Paragraph 32 of the Third-Party Complaint.

33. Panther admits that the control room shift-change occurred at approximately 6:00 a.m. on November 16, 2023, and that the MPOG pipeline system was shut in shortly thereafter. Panther lacks knowledge or information sufficient to form a belief as to the truth the remaining allegations in Paragraph 33 of the Third-Party Complaint.

34. The allegations of Paragraph 34 of the Third-Party Complaint contain legal conclusions to which no response is required. Panther denies the remaining allegations in Paragraph 34 of the Third-Party Complaint.

35. Panther denies the allegations of Paragraph 35 of the Third-Party Complaint.

36. The allegations of Paragraph 36 of the Third-Party Complaint refer to a party other than Panther, and no response is required.

37. Panther admits that the release of oil on the MPOG pipeline system was investigated by the National Transportation Safety Board ("NTSB") and the Pipeline and Hazardous Materials Safety Administration ("PHMSA") and that the NTSB issued an Investigation Report. Panther states that the NTSB Investigation Report is a written document that speaks for itself, and further states that federal law prohibits the use of an NTSB accident report in a civil action for damages arising from the matter it addresses. *See* 49 U.S.C. § 1154(b); 49 C.F.R. § 835.2. The remaining allegations of Paragraph 37 of the Third-Party Complaint refer to a party other than Panther, and no response is required.

38. The allegations of Paragraph 38 of the Third-Party Complaint refer to a party other than Panther, and no response is required.

39. Panther admits the allegations of Paragraph 39 of the Third-Party Complaint.

40. Panther admits the allegations of Paragraph 40 of the Third-Party Complaint.

41. Panther states that any PHMSA findings or proposed penalties referenced in Paragraph 41 are set forth in a written document that speaks for itself, and denies any characterization of that document inconsistent with its terms. Panther denies the remaining allegations of Paragraph 41 of the Third-Party Complaint, including that it failed to properly implement a pipeline integrity program, failed to establish proper control-room shutdown and

emergency-response criteria, failed to properly train controllers, or failed to maintain critical valves in operable condition.

42. Panther denies the allegations of Paragraph 42 of the Third-Party Complaint.

43. The allegations of Paragraph 43 of the Third-Party Complaint refer to a party other than Panther, and no response is required.

44. The allegations of Paragraph 44 of the Third-Party Complaint refer to a party other than Panther, and no response is required.

45. The allegations of Paragraph 45 of the Third-Party Complaint refer to a party other than Panther, and no response is required.

46. The allegations of Paragraph 46 of the Third-Party Complaint refer to a party other than Panther, and no response is required.

47. The allegations of Paragraph 47 of the Third-Party Complaint refer to a party other than Panther, and no response is required.

48. The allegations of Paragraph 48 of the Third-Party Complaint refer to a party other than Panther, and no response is required.

49. The allegations of Paragraph 49 of the Third-Party Complaint refer to a party other than Panther, and no response is required.

50. The allegations of Paragraph 50 of the Third-Party Complaint state legal conclusions to which no response is required. To the extent a response is required, Panther denies the allegations of Paragraph 50 of the Third-Party Complaint.

51. Panther denies that it caused or contributed to the damages alleged by MPOG and Anadarko. The remaining allegations of Paragraph 51 of the Third-Party Complaint refer to parties other than Panther, and no response is required.

52. The allegations of Paragraph 52 of the Third-Party Complaint state legal conclusions to which no response is required. To the extent a response is required, Panther denies the allegations of Paragraph 52 of the Third-Party Complaint.

**COUNT I – TORT CONTRIBUTION UNDER THE GENERAL MARITIME LAW**

53. Panther incorporates its responses to Paragraphs 1 through 52 as if fully set forth herein.

54. The allegations of Paragraph 54 of the Third-Party Complaint state legal conclusions to which no response is required.

55. The allegations of Paragraph 55 of the Third-Party Complaint state legal conclusions to which no response is required. To the extent a response is required, Panther denies the allegations of Paragraph 55 of the Third-Party Complaint.

56. The allegations of Paragraph 56 of the Third-Party Complaint state legal conclusions to which no response is required. To the extent a response is required, Panther denies the allegations of Paragraph 56 of the Third-Party Complaint.

**COUNT II – TORT INDEMNITY UNDER THE GENERAL MARITIME LAW**

57. Panther incorporates its responses to Paragraphs 1 through 56 as if fully set forth herein.

58. The allegations of Paragraph 58 of the Third-Party Complaint state legal conclusions to which no response is required. To the extent a response is required, Panther denies the allegations of Paragraph 58 of the Third-Party Complaint.

59. The allegations of Paragraph 59 of the Third-Party Complaint state legal conclusions to which no response is required. To the extent a response is required, Panther denies the allegations of Paragraph 59 of the Third-Party Complaint.

**COUNT III – CONTRIBUTION UNDER THE OIL POLLUTION ACT**

60. Panther incorporates its responses to Paragraphs 1 through 59 as if fully set forth herein.

61. The allegations of Paragraph 61 of the Third-Party Complaint state legal conclusions to which no response is required. To the extent a response is required, Panther denies the allegations of Paragraph 61 of the Third-Party Complaint.

62. The allegations of Paragraph 62 of the Third-Party Complaint state legal conclusions to which no response is required. To the extent a response is required, Panther denies the allegations of Paragraph 62 of the Third-Party Complaint.

**RESPONSE TO PRAYER FOR RELIEF**

63. Panther denies that Subsea 7 is entitled to any of the relief requested in subparagraphs (a) through (e) of the Prayer for Relief of the Third-Party Complaint, or to any relief whatsoever against Panther.

**AFFIRMATIVE AND OTHER DEFENSES**

64. Without waiving any of the foregoing and without assuming any burden of proof that otherwise rests on Subsea 7, Panther asserts the following affirmative and other defenses to the Third-Party Complaint and reserves the right to assert additional defenses as they become known through discovery:

a. Subsea 7's Third-Party Complaint fails to state a claim against Panther upon which relief can be granted;

b. The leak and resulting damages, if any, alleged by Main Pass and/or Anadarko were caused solely by the fault, negligence, and/or defective product of Subsea 7, and not by any act or omission of Panther;

c. Subsea 7's claims for contribution and/or indemnity are barred, in whole or in part, because Subsea 7's defective product and independent fault was the sole or superseding cause of the damages alleged by Main Pass and/or Anadarko;

d. Subsea 7's claims are barred, in whole or in part, to the extent Subsea 7 seeks to hold Panther liable for the acts or omissions of separate corporate entities, including Main Pass, Lighthouse, Third Coast Infrastructure, and/or Third Coast Employee Services, notwithstanding their separate corporate existence and status as distinct legal entities;

e. To the extent any liability is imposed on Panther, which is expressly denied, any such liability must be reduced by the comparative fault of Subsea 7, Main Pass, Anadarko, and/or any other responsible party or non-party, in proportion to their respective degrees of fault; and

f. Subsea 7's claims are barred, in whole or in part, because Subsea 7 has failed to satisfy all conditions precedent to recovery.

65. Panther reserves the right to amend this Answer and to assert additional affirmative defenses, cross-claims, and/or third-party claims as they become known through the course of discovery and further investigation.

## JURY DEMAND

Panther demands a trial by jury on all issues so triable.

## PRAYER

WHEREFORE, Third-Party Defendant Panther Operating Company, LLC respectfully requests that this Court enter a judgment that:

1. Dismisses Subsea 7's Third-Party Complaint against Panther with prejudice in its entirety;

2. Denies Subsea 7 any relief whatsoever against Panther;

3. Awards Panther such other and further relief, at law or in equity, as the Court deems just and proper.

Dated: October 1, 2026

Respectfully submitted,

**BRACEWELL LLP**

By: */s/ Stephen B. Crain*
Stephen B. Crain
(T.A./pro hac vice)
Texas State Bar No. 04994580
Joshua T. Windsor
(pro hac vice)
Texas State Bar No. 24110541
Haley M. Bernal
(pro hac vice)
Texas State Bar No. 24132533
711 Louisiana Street, Suite 2300
Houston, TX 77002
Tele: (713) 221-1305
Fax: (800) 404-3970
Email: stephen.crain@bracewell.com
Email: joshua.windsor@bracewell.com
Email: haley.bernal@bracewell.com

-and-

**MILLER HAHN, PLLC**

*/s/ Stephanie D. Skinner*
Stephanie D. Skinner (#21100)
Kent B. Ryan (#18418)
365 Canal St., Ste. 860
New Orleans, LA 70130
Tele: (504) 684-5044
Fax: (866) 578-2230

Email: kryan@millerlaw-firm.com
Email: sskinner@millerlaw-firm.com

**ATTORNEYS FOR THIRD-PARTY DEFENDANT PANTHER OPERATING COMPANY, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, having enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Stephanie D. Skinner*
Stephanie D. Skinner