**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **MAIN PASS OIL GATHERING COMPANY, LLC** | § | |
| | § | **CIVIL ACTION NO. 2:25-cv-00890** |
| ***Plaintiff*,** | § | |
| | § | **JUDGE IVAN L.R. LEMELLE** |
| **v.** | § | |
| | § | **MAGISTRATE JUDGE EVA J. DOSSIER** |
| **SUBSEA 7 MARINE (US) INC.** | § | |
| | § | |
| ***Defendant.*** | § | |

**PLAINTIFF MAIN PASS OIL GATHERING COMPANY, LLC'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION**

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Main Pass Oil Gathering Company, LLC ("Plaintiff" or "MPOG") serves these Responses to Defendant Subsea 7 Marine (US) Inc.'s ("Defendant" or "Subsea 7") First Request for Production.

Respectfully submitted,

BRACEWELL LLP

*/s/ Stephen B. Crain*

Stephen B. Crain
(T.A./pro hac vice)
Texas State Bar No. 04994580
Haley M. Bernal
(pro hac vice)
Texas State Bar No. 24132533
711 Louisiana Street, Suite 2300
Houston, TX 77002
Tele: (713) 221-1305
Fax: (800) 404-3970
Email: stephen.crain@bracewell.com
Email: haley.bernal@bracewell.com

and

EXHIBIT
3

MILLER HAHN, PLLC

*/s/ Stephanie D. Skinner*
Stephanie D. Skinner (#21100)
Kent B. Ryan (#18418)
365 Canal St., Ste. 860
New Orleans, LA 70130
Tele: (504) 684-5044
Fax: (866) 578-2230
Email: kryan@millerlaw-firm.com
Email: sskinner@millerlaw-firm.com

**ATTORNEYS FOR PLAINTIFF MAIN PASS OIL GATHERING COMPANY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record pursuant to the Federal Rules of Civil Procedure on the 12th day of March 2026.

Kevin J. LaVie
Arthur R. Kraatz
Harrison M. Martin
Phelps Dunbar LLP
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
(via email)

*/s/ Stephen B. Crain*
Stephen B. Crain

**GENERAL OBJECTIONS**

1. Plaintiff objects to these requests to the extent they call for any privileged documents, including, without limitation, any documents that may be protected by the attorney-client privilege, the work-product privilege, or any other applicable privileges. All documents are produced on the condition that all copies of any documents subject to any privilege and inadvertently produced will be returned.

2. Plaintiff objects to each request as overly broad, unduly burdensome, and calling for the production of cumulative information to the extent it calls for "all" information, documents, or communications related to a given subject. Plaintiff will produce responsive, non-privileged documents located after a reasonably diligent search.

3. Plaintiff objects to each request to the extent it requires Plaintiff to search for or provide information or produce documents not within the possession of Plaintiff.

4. Plaintiff objects to the Definitions and Instructions to the extent they seek to impose upon Plaintiff any requirements beyond those established by the Federal Rules of Civil Procedure.

5. Plaintiff objects to these requests for documents to the extent they presume facts. Plaintiff submits these responses and objections without waiver of any right to object to any requested discovery, and without affirming any conclusory or argumentative statements made by Defendant in these requests. In providing responses and objections to these requests, Plaintiff does not waive, and expressly reserves, all objections as to competency, relevancy, materiality, and admissibility of the responses or subject matter thereof as well as all objections to any other discovery requests.

6. Pursuant to the applicable provisions of the Federal Rules of Civil Procedure and any other applicable rules, Plaintiff reserves the right to amend these responses, assert additional

objections, and supplement any subsequent document production as it continues its review and analysis in response to these requests.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 2:** Produce all Documents and Communications Identified in Your responses to the foregoing Interrogatories.

**RESPONSE:**

Subject to the foregoing general objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3:** Produce a copy of every Document and Communication that You referenced or relied upon in preparing Your responses to the foregoing Interrogatories.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks documents and communications protected by the attorney-client or work product privileges. MPOG further objects to this Request to the extent it seeks documents that are in Subsea 7's possession, custody, or control, and/or are equally available to Subsea 7. MPOG further objects to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks documents unrelated to the parties' claims or defenses.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3** Produce all Documents showing the formation, ownership, and organizational structure of Main Pass Oil Gathering Company, LLC, including its relationship to Third Coast Infrastructure LLC, Panther Operating Company, and any predecessor or affiliated entities. This includes, without limitation, organizational charts, operating agreements, membership or stock transfer documents, and any agreements reflecting changes in ownership or operational control.

**RESPONSE:**

MPOG objects to this Request as vague and ambiguous because the phrases "formation," "ownership," "organizational structure," "organizational charts," "operating agreements," "membership or stock transfer documents," and "agreements reflecting changes in ownership or operational control" are not defined terms and do not adequately apprise MPOG of the information

sought. MPOG further objects to this Request as overbroad, unduly burdensome, and irrelevant because it seeks documents that have no bearing on any parties' claims or defenses.

**REQUEST FOR PRODUCTION NO. 4:** Produce all Documents and Communications relating to the original purchase or acquisition of the collet-grip flange Connector. This request includes, but is not limited to, the purchase order or contract for the Connector, any drawings, specifications, or manuals provided by the manufacturer at the time of purchase, and any Communications Related to the purchase of the Connector.

**RESPONSE:**

MPOG objects to this Request as vague and ambiguous because the phrase "original purchase or acquisition" is not a defined term and does not adequately apprise MPOG of the information sought. MPOG will interpret the phrase to refer to MPOG's predecessor's acquisition of the Connector from Subsea 7's predecessor.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:** Produce all contracts or agreements Related to Your acquisition of the pipeline in which the Connector was installed.

**RESPONSE:**

MPOG objects to this Request as overbroad, unduly burdensome, and irrelevant because it seeks documents unrelated to the parties' claims or defenses. MPOG further objects to this Request as vague and ambiguous because the phrases "contracts or agreement" and "acquisition of the pipeline" are not defined terms and do not adequately apprise MPOG of the information sought.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6:** Produce all Documents and Communications relating to the installation of the Connector on the MPOG pipeline. This request includes, but is not limited to, any contracts or work orders with contractors that performed the installation; any permits or repair plans submitted to regulators for that work; any diver or ROV logs, videos, or pressure test results from

the installation; and any reports or communications documenting the completion of the installation, or any issues encountered.

**RESPONSE:**

Subject to the foregoing general objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7:** Produce any user manuals, technical guidelines, drawings, photographs or written warnings/instructions provided to You (or to Your predecessors or operators) regarding the Connector, including, but not limited to, any internal Documents or Communications that discuss the design, operation, installation, or inspection of the Connector.

**RESPONSE:**

Subject to the foregoing general objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:** Produce Your pipeline Integrity Management Program documents, procedures, or plans that address geotechnical hazards, underwater pipeline stability, or inspections following significant events (such as hurricanes) for the MPOG pipeline. This request includes documents in effect at the time of the November 2023 incident and any prior versions that addressed these issues.

**RESPONSE:**

MPOG objects to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks documents that are unrelated to the parties' claims or defenses. MPOG further objects to this Request as vague and ambiguous because the phrases "significant events" and "November 2023 incident" are not defined terms and do not adequately apprise MPOG of the information sought. MPOG will interpret these phrases as referring to severe meteorological phenomena and the Leak, respectively.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9:** Produce all records of inspections, surveys, or maintenance activities from the time the Connector was installed until the date of the Leak concerning the condition or stability of the MPOG pipeline at the location of the Connector. This Request includes any underwater ROV or diver inspection reports, hydrographic or sonar survey reports, aerial patrol logs noting conditions in that area, and records of any maintenance or remediation work performed.

**RESPONSE:**

MPOG objects to this Request as vague and ambiguous because the phrases "condition" and "stability" are not defined terms and do not adequately apprise MPOG of the information sought. MPOG will interpret these phrases as referring to the physical integrity of the pipeline at the location of the Connector.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10:** Produce all Documents relating to the inline inspection of the MPOG pipeline conducted in or around October 2023. This includes the complete in line inspection vendor report provided to You, any subsequent analysis or interpretation of the inline inspection data, and any internal communications or meeting notes in which the October 2023 inline inspection results were discussed.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks documents protected by the attorney-client or work product privileges. MPOG further objects to this Request as vague and ambiguous because the phrases "in line inspection vendor report" and "inline inspection data" are not defined terms and do not adequately apprise MPOG of the information sought.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce records and reports relating to the ILI that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11:** Produce all Documents and data reflecting the monitoring, detection, and control-room response Leak, including, but not limited to, SCADA data logs or trend graphs showing pressure or flow anomalies, any alarm logs or console screenshots

from the pipeline control center, shift change logs or controller notes from that night and the following morning, and any internal incident reports or analyses regarding the control room's handling of the leak.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks documents protected by attorney-client or work product privileges.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 12:** Produce all Documents and Communications involving any governmental agency or authority regarding the Leak or the Connector's failure. This Request includes communications with the National Transportation Safety Board, the Pipeline and Hazardous Materials Safety Administration, the U.S. Coast Guard, and any other state or federal agencies.

**RESPONSE:**

MPOG objects to this Request as vague and ambiguous because the term "involving" is not defined and does not adequately apprise MPOG of the information sought. MPOG will interpret the term to mean Documents and Communications of which a governmental agency or authority, or representatives thereof, was a sender or recipient. MPOG further objects to this Request to the extent it seeks documents that are in Subsea 7's possession, custody, or control, and/or are equally available to Subsea 7.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are reasonably responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13:** Produce all Communications Related to the Leak.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks communications protected by the attorney-client or work product privileges. MPOG further objects to this Request to the extent it seeks documents that are in Subsea 7's possession, custody, or control, and/or are equally available to Subsea 7. MPOG further objects to this Request as overbroad and unduly burdensome because a

request for *all* communications necessarily calls for communications unrelated to the parties' claims or defenses.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are reasonably responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14:** Produce all Communications Related to the design, performance, inspection, or alleged defects in the Connector at any time from its installation through the present.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks communications protected by the attorney-client or work product privileges. MPOG further objects to this Request as overbroad and unduly burdensome because a request for *all* communications necessarily calls for communications unrelated to the parties' claims or defenses.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:** Produce all internal investigative reports, analyses, or evaluations conducted by You or on Your behalf regarding the Leak or the alleged failure of the Connector. This includes any root cause analysis reports, internal investigation committee meeting minutes or presentations, and any reports by third-party consultants engaged to examine the incident or the pipeline's integrity.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks documents protected by the attorney-client or work product privileges.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 16:** Produce all Documents that support or relate to Your allegation that the Connector was defectively designed or unreasonably dangerous, including any

Documents regarding feasible alternative connector designs and any technical analyses, prior incident reports, or industry standards that You contend demonstrate a design or manufacturing defect in the Connector.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks documents protected by the attorney-client or work product privileges. MPOG further objects to this Request to the extent it seeks documents that are in Subsea 7's possession, custody, or control, and/or are equally available to Subsea 7.

After conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 17:** Produce all Documents and Communications that support or relate to Your allegation that Subsea 7 failed to provide adequate warnings or instructions regarding the Connector, including any Documents or Communications showing what warnings or instructions were (or were not) provided with the Connector, any comparisons to warnings provided with similar equipment by other manufacturers, and any evidence that additional or different warnings would have enabled detection of the allegedly defective Connector or prevented the failure.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks documents protected by the attorney-client or work product privileges. MPOG further objects to this Request to the extent it seeks documents that are in Subsea 7's possession, custody, or control, and/or are equally available to Subsea 7.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:** Produce all Documents relating to the costs or expenditures incurred in responding to, containing, and cleaning up the oil spill that resulted from the Connector's failure. This includes invoices, receipts, and contracts with oil spill response organizations or other contractors, and any internal summaries or reports itemizing these cleanup and response costs.

**RESPONSE:**

MPOG objects to this Request as overbroad and unduly burdensome to the extent it seeks documents relating to costs or expenditures incurred by any Person.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents summarizing any expenditures MPOG has incurred.

**REQUEST FOR PRODUCTION NO. 19:** Produce all Documents relating to the repair or replacement of the damaged section of pipeline and the Connector following the Leak, including, but not limited to, contracts or work orders for the fabrication and installation of any replacement, invoices for such work, and any engineering reports or photographs documenting the repair process.

**RESPONSE:**

Subject to the foregoing general objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20:** Produce all Documents to show any loss of product or revenue suffered by You as a result of the Leak and subsequent shutdown. This includes calculations or reports quantifying the volume of oil lost, the value of lost or deferred production or transportation, and any business interruption analyses.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks documents protected by the attorney-client or work product privileges. MPOG further objects to this Request as vague and ambiguous because the phrase "loss of product" is not defined and does not adequately apprise MPOG of the information sought.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 21:** Produce all Documents relating to any fines, penalties, or third-party claims that have arisen out of the Leak, including any regulatory authorities regarding penalties or enforcement actions, and any claims or communications regarding natural resource damages or other environmental liabilities.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks documents protected by the attorney-client or work product privileges. MPOG further objects to this Request to the extent it seeks documents that are in Subsea 7's possession, custody, or control, and/or are equally available to Subsea 7.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:** Produce all contracts related to the operation of the pipeline in which the Connector was installed that were in effect at the time of the Leak and all Documents and Communications related to each such contract.

**RESPONSE:**

MPOG objects to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks documents with no bearing on the parties' claims or defenses. MPOG further objects to this Request as vague and ambiguous because the phrase "related to the operation of the pipeline" is undefined and does not adequately apprise MPOG of the information sought. MPOG will interpret this Request as seeking contracts relating to the maintenance and management of the pipeline itself.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23:** Produce all Communications related to physical condition of the portion of the pipeline in which the Connector was installed for the three years prior to the date of the Leak.

**RESPONSE:**

MPOG objects to this Request as vague and ambiguous because the phrase "condition of the portion of the pipeline in which the Connector was installed" is not a defined term and does not adequately apprise MPOG of the information sought. MPOG further objects to this Request as unduly burdensome and disproportionate to the needs of the case because it seeks Communications remote in time from the period relevant to this Action.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 24:** Produce all insurance policies, including declarations pages, that may provide coverage for any damages, losses, or liabilities arising out of the Leak or the Connector's failure, including but not limited to commercial general liability, pollution liability, or business interruption insurance.

**RESPONSE:**

Subject to the foregoing general objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25:** Produce all Documents and Communications related to any insurance claims that You made with respect to the Leak or the alleged failure of the Connector.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks documents and communications protected by the attorney-client or work product privileges. MPOG further objects to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks documents unrelated to the parties' claims or defenses.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 26:** Produce all Documents and Communications between You and any expert or consultant, retained or non-retained, relating to the Connector, the Leak, or any damages allegedly sustained as a result of the Leak.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks documents and communications protected by the attorney-client or work product privileges. MPOG will comply with the expert discovery deadlines in accordance with and as established by the Scheduling Order.

**REQUEST FOR PRODUCTION NO. 27:** Produce all public statements, press releases, social media posts, or other public communications made by You or on Your behalf regarding the Leak, the Connector, or this Action.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks documents that are in Subsea 7's possession, custody, or control, and/or are equally available to Subsea 7. MPOG further objects to this Request as vague and ambiguous because "public communications" is not defined and does not adequately apprise MPOG of the information sought. MPOG will interpret the phrase "public communications" as duplicative of "public statements."

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 28:** Produce all Documents reflecting environmental testing, sampling, or monitoring conducted in connection with the Leak, including any water, soil, or sediment sampling results, laboratory analyses, or environmental impact assessments.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks documents that are in Subsea 7's possession, custody, or control, and/or are equally available to Subsea 7. MPOG further objects to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks documents unrelated to MPOG's and Subsea 7's claims or defenses.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control unless the same information is available publicly.

**REQUEST FOR PRODUCTION NO. 29:** Produce all Documents and Communications with the National Pollution Funds Center related to any claim asserted against the Fund related to the Leak.

**RESPONSE:**

None.

**REQUEST FOR PRODUCTION NO. 30:** Produce all statements (written or recorded) obtained by You from any witness with knowledge of any facts pertinent to this Action.

**RESPONSE:**

MPOG objects to this Request to the extent it seeks statements protected by the attorney-client or work product privileges. MPOG further objects to this Request as overbroad, unduly burdensome, and irrelevant to the extent it seeks statements unrelated to the parties' claims or defenses.

Subject to the foregoing general and specific objections, after conducting a reasonable search, MPOG states that it has not obtained (taken) witness statements.

**REQUEST FOR PRODUCTION NO. 31:** With respect to any Person whom You expect to testify as an expert witness on Your behalf in this Action, produce Your engagement letter with each expert witness.

**RESPONSE:**

MPOG objects to this Request as irrelevant to any party's claims or defenses. MPOG further objects to this Request as premature and improper. MPOG will comply with the expert discovery deadlines established by the Scheduling Order and with the expert disclosure requirements established by the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 32:** With respect to any Person whom You expect to testify as an expert witness on Your behalf in this Action, produce all documents each expert witness has reviewed, considered, or relied upon relating to this Action.

**RESPONSE:**

MPOG objects to this Request as premature. MPOG will comply with the expert discovery deadlines established by the Scheduling Order and with the expert disclosure requirements established by the Federal Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 33:** Produce all affidavits or declarations Relating to this Action.

**RESPONSE:**

MPOG refers Subsea 7 to MPOG's objections and response to Subsea 7's Request for Production No. 30.

**REQUEST FOR PRODUCTION NO. 34:** Produce all Documents and Communications that You assert contain any admission against interest by any party to this Action.

**RESPONSE:**

Subject to the foregoing general objections, after conducting a reasonable search, MPOG will produce non-privileged documents that are responsive to this Request and that are in its possession, custody, or control.

**<u>REQUEST FOR PRODUCTION NO. 35:</u>** Produce all Communications, Documents, or pieces of evidence that You intend to use at any deposition or to introduce, or use, at the trial of this Action.

**<u>RESPONSE:</u>**

MPOG objects that this request seeks information that is not subject to discovery. MPOG will provide information regarding witnesses and exhibits as required by the Scheduling Order.