# EXHIBIT A

BRACEWELL

July 13, 2026

Mr. Arthur R. Kraatz **Via E-mail**
PHELPS DUNBAR LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
arthur.kraatz@phelps.com

Re: *Main Pass Oil Gathering Company, LLC v. Subsea 7 Marine (US), Inc.*, Case No. 25-00890, in the Eastern District of Louisiana

Dear Mr. Kraatz:

I write on behalf of Main Pass Oil Gathering Company, LLC ("MPOG") in response to your letter ("Letter") of July 2, 2026, which complains of certain purported deficiencies in MPOG's discovery responses and advises of your intention to schedule a Rule 37 conference this afternoon. We are not available today due to scheduled business travel.

Each purported deficiency identified in the Letter is addressed below, but a few introductory general comments are in order. As you know, the parties recently agreed to seek a new scheduling order because of "the complexities inherent in this case, and the practical realities presented by the scope of discovery[.]" The Court agreed and entered a new scheduling order extending the discovery period until May 4, 2027. To the extent, then, that Subsea 7's main substantive complaint is that MPOG is not producing documents fast enough—which appears to the underlying point of concern in the Letter—MPOG suggests that this complaint is premature. MPOG is working diligently to comply with its discovery obligations and will continue to do so. While I cannot commit to production dates because of our ongoing collection and review process, I anticipate making additional document productions over the next several weeks.

With respect to the "overarching issues" that your Letter purports to identify in MPOG's discovery responses, MPOG responds as follows:

- **"Boilerplate Objections" and Withholding Statements**—Your Letter complains of purported boilerplate objections and asserts that these "must be withdrawn." However, your complaint is not specific enough to enable good-faith conference. Please identify the particular objections that Subsea 7 believes must be withdrawn so that we can productively confer about them. Regarding withholding statements, MPOG's responses are clear that MPOG is not withholding

**Joshua T. Windsor**
Associate
T: +1.713.221.1228 F: 800.404.3970
711 Louisiana Street, Suite 2300, Houston, Texas 77002-2770
joshua.windsor@bracewell.com bracewell.com

responsive documents where MPOG has indicated that it will produce such documents. Nevertheless, for the avoidance of doubt, the only Requests for Production to which MPOG has objected and stood upon its objections are RFP Nos. 3, 26, 31, 32, and 35. MPOG is not withholding documents based upon its objections with respect to the remaining RFPs, although of course it reserves the right to do so and will supplement its responses to reflect any such withholding as appropriate.

- **Identifying Documents in Response to Requests for Production**—Your Letter states that MPOG must "identify documents by Bates number" in response to Subsea 7's Requests for Production. This statement contravenes the plain text of the Federal Rules of Civil Procedure. Rule 24(b)(2)(A) provides expressly that "[t]he responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection." This is precisely what MPOG has done.

- **Privilege Log**—MPOG acknowledges Subsea 7's request for a privilege log and will provide one when MPOG has withheld documents for privilege.

- **Production Format**—Your Letter states that Subsea 7 requested "responsive documents in native form with metadata preserved" and that MPOG failed to produce documents in accordance with that request. This statement does not align with our internal records regarding the production format for the three document sets that MPOG has produced thus far. Please advise regarding the production set(s) for which Subsea 7 lacks native files and accompanying metadata, and MPOG will promptly provide replacements for these productions.

In addition to the foregoing "overarching issues," the Letter also addresses certain specific issues relating to specific discovery responses and particular objections. Each of these issues is discussed below:

- **RFP No. 3**—Your Letter asserts that "all Documents showing the formation, ownership, and organizational structure of Main Pass Oil Gathering Company, LLC, including its relationship to Third Coast Infrastructure LLC, Panther Operating Company, and any predecessor or affiliated entities" are "relevant to the claims and defenses at issue." But it does not explain how. No fact in issue is made more or less probable by such information, nor does such information relate to any claim by MPOG or any defense raised by Subsea 7. Accordingly, the information requested by RFP No. 3 does not pass the threshold test for discoverability under Rule 26(b)(1).

- **RFP Nos. 5, 10, 13–14, 20, 22–23, 25**—With respect to MPOG's responses to each of these RFPs, Subsea 7 requests that MPOG withdraw its objections, identify the documents responsive to each respective RFP, and supplement its document productions. As mentioned above, MPOG is not withholding documents based on its objections to these RFPs, and MPOG intends to continue producing responsive, nonprivileged documents as they are collected and reviewed. However, MPOG will not withdraw any part of its response to these RFPs.

- **RFP No. 18**—This RFP, which reaches to expenditures incurred by *anybody*, regardless of their connection to this case, is facially overbroad, as evidenced by the Letter's effort to "clarify" the RFP. As stated in MPOG's response to RFP No. 18, MPOG will produce documents summarizing "any expenditures MPOG has incurred," which, per the Letter's clarification, appears to be what Subsea 7 is in fact seeking.

- **Equal Accessibility**—Your Letter states that the equal accessibility of requested information "is not a valid discovery objection[.]" This is incorrect; the Eastern District of Louisiana has in fact denied motions to compel on that basis. Nevertheless, with the exception of RFP No. 3, discussed above, MPOG is not withholding responsive documents based on this objection.

- **Vagueness Objections**—Your Letter takes issue with MPOG's various vagueness objections and MPOG's good-faith effort under the Rules to respond. But it was Subsea 7's decision not to define its terms. In response to Subsea 7's decision, MPOG followed the usual, accepted practice of identifying its understanding or interpretation of the terms used. If Subsea 7 disputes specific interpretations that MPOG employed, or if it believes MPOG misunderstood the call of any specific Interrogatory, it should identify such misinterpretations or misunderstandings to make good-faith conference possible.

- **Interrogatory Nos. 5 and 12**—Your Letter asserts that MPOG's answers to these Interrogatories are "evasive" because they indicate MPOG's reliance on expert opinion. Per the Letter, MPOG "cannot defer its discovery obligations to some future date on the pretext that expert discovery has not yet occurred." With respect, relying on experts is not "evasive," and complying with the Court's orders is not a "pretext." It should not come as a surprise that MPOG's answers to Interrogatories asking for engineering- and design-related conclusions would principally rely—indeed, *must* rely—on expert opinion. In fact, Interrogatory No. 12 *expressly requests* expert opinions. If there is any "pretext" here—and MPOG assumes there is none—it is Subsea 7's effort to leapfrog the due order of discovery by couching its expert discovery as nothing more than inquiry into the "factual basis" of MPOG's allegations. As MPOG's responses indicate, MPOG will comply with the Court's scheduling order with respect to its expert disclosures.

- **Interrogatory Nos. 4, 7, 9, and 11**—MPOG will supplement its responses to these Interrogatories to more specifically identify the documents on which the responses rely.

- **Interrogatory Nos. 10 and 14**—MPOG will supplement its responses to these Interrogatories as discovery continues.

BRACEWELL



Best regards,

Joshua T. Windsor

JTW:da