UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAIN PASS OIL GATHERING COMPANY, LLC | CIVIL ACTION |
| VERSUS | NO. 25-890 |
| SUBSEA 7 MARINE (US), INC. | SECTION "B" (3) |

**ORDER AND REASONS**

Considering Defendant Subsea 7 Marine (US), Inc.'s ("Subsea 7") Motion to Compel (R. Doc. 79), Plaintiff Main Pass Oil Gathering Company, LLC's ("MPOG") Opposition (R. Doc. 88), Subsea 7's Reply (R. Doc. 95), the Parties' oral arguments, and the applicable law, the Motion (R. Doc. 79) is **GRANTED**.

## I. Background

This case arises from the release of 1.1 million gallons of crude oil from the Main Pass Oil Gathering System pipeline. Following investigations by the National Transportation Safety Board ("NTSB") and Pipeline and Hazardous Materials Safety Administration ("PHMSA"), the U.S. Coast Guard designated MPOG as the Responsible Party under the Oil Pollution Act.[1] MPOG filed suit against Subsea 7, alleging that Subsea 7 manufactured a defective collet grip flange connector (the "Connector") from which the leak occurred.[2] Subsea 7 has since filed its own Third-

[1] R. Doc. 1 ¶ 21.
[2] *Id.* ¶ 23; R. Doc. 79-1 at 1.

Party Complaint.[3] On January 26, 2026, Subsea 7 served discovery on MPOG.[4] While MPOG provided responses on March 12, 2026, the parties dispute the sufficiency of the interrogatory responses and document productions to date.

With regard to MPOG's request for production ("RFP") responses, Subsea 7 takes issue with the format of MPOG's document productions as a whole for failing to produce documents as they were stored in the ordinary course of business or to identify which documents are responsive to which requests.[5] Likewise, Subsea 7 seeks to strike general and boilerplate objections from the responses.[6] Regarding interrogatory responses, Subsea 7 seeks supplementation of four specific responses, including contention interrogatories.[7]

## II. Legal Standard

Unless otherwise limited by court order, Fed. R. Civ. P. 26(b)(1) defines the scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." While a respondent may object to such requests, objections must be stated with specificity and identify whether any materials are being withheld based on that objection. Fed. R. Civ. P. 33(b)(4); Fed. R. Civ. P. 34(b)(2)(C); *Rodriguez-Meza v. Venegas*, 2020 WL 14100945, at *3 (W.D. Tex. Nov. 30, 2020). As such, general

---

[3] R. Doc. 53-3; R. Doc. 59.
[4] R. Doc. 79-1 at 2.
[5] *Id.* at 2.
[6] *Id.* at 6.
[7] *Id.* at 16-17.

boilerplate discovery objections are insufficient. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990). "A party responding to a Rule 34 request must either produce documents 'as they are kept in the usual course of business' or 'must organize and label them to correspond to the categories in the request.'" *Whale Capital, L.P. v. Ridgeway*, 2024 WL 838505, at *6 (E.D. La. Feb. 28, 2024) (quoting Fed. R. Civ. P. 34(b)(2)(E)(i)). A party claiming that documents were produced as kept in the usual course of business bears the burden of demonstrating that fact. *United States v. Bollinger Shipyards, Inc.*, 2015 WL 13529562, at *3 (E.D. La. Apr. 13, 2015).

Regardless of which choice the respondent elects, "Rule 34 requires the producing party to turn over the documents 'in an organized, comprehensible arrangement.'" *Id.* at 3 (quoting *Anderson Living Trust v. WPX Energy Prod., LLC*, 298 F.R.D. 514, 522 (D.N.M. 2014)); *see also Armor Screen Corp. v. Storm Catcher, Inc.*, 2009 WL 291160, at *2 (S.D. Fla. Feb. 5, 2009) ("While Rule 34 does not obligate a producing party to per se organize and label usable documents for the requesting party's convenience, a party exercising Rule 34's option to produce records as they are kept in the usual course of business should organize the documents in such a manner that the requesting party may obtain, with reasonable effort, the documents responsive to their requests.").

Federal Rule of Civil Procedure 33 instructs, "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need

not be answered until designated discovery is complete, or until a pretrial conference or some other time." *Trident Mgmt. Grp., LLC v. GLF Const. Corp.*, 2017 WL 3011144, at *2 (E.D. La. Jul. 14, 2017). Contention interrogatories "may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 233 (E.D. N.Y. May 25, 2007). When faced with a request to compel a more fulsome response to a contention interrogatory, "it is within the court's discretion to determine the appropriate time for responding to a contention interrogatory." *Firefighters' Retirement Sys. v. Citco Grp. Ltd.*, 2017 WL 2825925, at *9 (M.D. La. Jun. 30, 2017); *see also Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 650 (D. Kan. Dec. 13, 2011) ("the Court finds no persuasive reason for Defendants to defer their answers . . . Defendants should answer these interrogatories as fully as they can, keeping in mind their continuing obligation to supplement their discovery responses as additional or different information becomes available."). Providing comprehensive responses early in litigation allows the parties to narrow the scope of issues and discovery. *See, e.g.*, *Firefighters' Retirement Sys.*, 2017 WL 2825925, at *10 (quoting *In re Convergent*, 108 F.R.D. 328, 338 (N.D. Cal. Oct. 28, 1985)).

## III. Analysis

### A. Form of Document Production

Subsea 7 moves to compel MPOG to identify which produced documents are responsive to which RFP or, in the alternative, to provide a production index that

would allow Subsea 7 to understand how MPOG maintained the records that it has produced.[8] MPOG argues that it has fully complied with Rule 33's production requirements.[9] Specifically, MPOG maintains that it "elected to produce documents 'as they are kept in the usual course of business.'"[10]

Producing documents with metadata and "fully searchable" is not the same as producing them "with the business's filing system or other organizational structure still intact and useable by the requesting party." *United States v. Bollinger Shipyards, Inc.*, 2015 WL 13529562, at *3 (E.D. La. Apr. 13, 2015) (quoting *Anderson Living Trust v. WPX Energy Prod.*, LLC, 298 F.R.D. 514, 522 (D.N.M. 2014)). "A party claiming that documents were produced as kept in the usual course of business bears the burden of demonstrating that fact." *Id.* Thus, courts typically require that a party purporting to produce documents in the usual course of business provide "some modicum of information" regarding its filing system, "which would ideally include 'the identity of the custodian or person from whom the documents were obtained, assurance that the documents have been produced in the order in which they are maintained, and a general description of the filing system from which they were recovered.'" *Id.* (quoting *Mizner Grand Condo. Ass'n v. Travelers Prop. Cas. Co. of Am.*, 270 F.R.D. 698, 701 (S.D. Fla. 2010)).

---

[8] R. Doc. 79-1 at 6-7.
[9] R. Doc. 88 at 4.
[10] *Id.* at 5 (quoting Fed. R. Civ. P. 34).

MPOG's production, discussions during the pre-motion conferrals with Subsea 7, and its briefing all fail to identify any information regarding the filing system or method used to maintain these documents. Further confusing the issue, Subsea 7 alleges that the "file names" of the production are Bates numbers. Moreover, the electronically transmitted files require upload to a commercial e-discovery platform to view them.[11] While the Court appreciates that MPOG reproduced certain documents after initially producing them as single-page image files,[12] its current productions fail to satisfy its obligations under the Federal Rules.

The Court could require MPOG to supplement its RFP responses to identify by Bates number the documents response to each request. *See, e.g.*, *Bollinger*, 2015 WL 13529562, at *4 (affirming the Magistrate Judge's order "requiring the [responding party] to identify responsive documents" as not "clearly erroneous or contrary to law"). Subsea 7 highlighted at oral argument, however, that it could accept an index of the production that provides information analogous to that inherent in the production of records as they are kept in the ordinary course of business. The Court concludes that this proposal will better accommodate the parties' need to comply with the discovery deadline and will reduce the burden on MPOG. The parties are thus to confer within 7 days as to the structure of a proposed index. If they cannot agree on the contents or timeline for production of the index, they may schedule an in-person status conference with the Court.

---

[11] R. Doc. 85 at 8.
[12] *Id.*

### B. RFP 3 – Organizational Structure

Subsea 7 contends that MPOG failed to produce documents that sufficiently identify MPOG's organizational structure.[13] MPOG claims that it produced certain organizational charts and referred Subsea 7 to the publicly available NTSB docket which also identified the organizational structure. MPOG represented at oral argument that it had produced these charts but could not readily identify them. As such, MPOG shall provide Subsea 7 with the corresponding Bates numbers no later than 2 days after this Order.[14]

### C. Remaining RFPs

The Motion also generally requests MPOG's vagueness, equally accessible, and boilerplate objections be overruled.[15] MPOG concedes that it is "not withholding responsive, non-privileged documents on the basis of [the remaining objections to RFPs addressed in the Motion]."[16] Moreover these objections fail for reasons that overlap with those discussed herein. Thus, MPOG's objections, other than to privilege and work product protection, are overruled. MPOG's supplemental discovery

---

[13] R. Doc. 79-1 at 11.
[14] Insofar as MPOG objected to RFP 3 grounds such as "overbroad, unduly burdensome, and irrelevant," those boilerplate objections are overruled. Similarly, the Court overrules the objection to Subsea 7's failure to define terms such as "ownership" and "operating agreements." Such terms are commonplace in litigation, and the context of the lawsuit is sufficient to inform MPOG's understanding of these terms.
[15] R. Doc. 79-1.
[16] R. Doc. 88 at 7.

responses should remove all such objections from the discovery requests at issue in the motion.

The parties are to confer and agree upon a rolling production timeline with the first substantial production to occur within 14 days. The discussion should include subjects (e.g., emails that MPOG already compiled as particularly relevant to the litigation) for which an earlier production is desirable and feasible.

**D. Interrogatories 5 and 12 – Alternative Designs**

Interrogatories 5 and 12 seek information regarding the alternative designs that MPOG alleged existed in its complaint.[17] MPOG objected to these Interrogatories as untimely (requiring expert testimony) and unduly burdensome.[18] Expert disclosures are different than contention interrogatories seeking the factual bases underlying MPOG's complaint; each existing on its own independent basis and deadlines in accordance with the scheduling order. While MPOG need not delve into expert opinions, MPOG must supplement its responses to discuss the underlying factual allegations in its complaint related to alternative designs. *See, e.g.*, *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 235 (E.D. N.Y. May 25, 2007) ("plaintiffs are ordered to disclose the facts and documents that support the allegations in their complaint"); *see also Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 650 (D. Kan. Dec. 13, 2011) ("the Court finds no persuasive reason for Defendants to defer their answers . . . Defendants should answer these interrogatories as fully as they can, keeping in

[17] R. Doc. 79-3 at 6, 10-11; R. Doc. 1 ¶ 15.
[18] R. Doc. 79-3 at 7, 11.

mind their continuing obligation to supplement their discovery responses as additional or different information becomes available.”).

**E. Interrogatory 10 – Persons with Knowledge**

Interrogatory 10 asks for the identification of persons with knowledge of relevant facts.[19] And while MPOG provided the identity of seven MPOG personnel, its offer to “confer with opposing regarding the areas in which MPOG employees may have specific knowledge” does not satisfy its interrogatory obligations.[20] MPOG must supplement its response to Interrogatory 10.

**F. Interrogatory 14 – Damages**

Interrogatory 14 seeks information relating to categories of damages. MPOG’s response is copied below:

> MPOG has incurred damages related to its incident response to the Leak, its participation in investigations, potential fines associated with the Leak, and pending third party claims. It has not quantified its damages and will supplement its response to this interrogatory.[21]

In opposition to the Motion, MPOG contends that the Rule 26 disclosures it served on September 29, 2026, identifying its damages theories suffice, and that its interrogatory responses will not be supplemented until “additional responsive information is uncovered” that has “not otherwise been made known to the other

[19] *Id.* at 8-9.
[20] *Id.* at 10.
[21] *Id.* at 12.

parties during the discovery process or in writing."[22] Rule 26 damage computations are a standalone obligation set forth by the Federal Rules of Civil Procedure—mandating the disclosure of such categories of damages and computations. Fed. R. Civ. P. 26(a)(1)(B). A party may propound interrogatories seeking similar information and vague responses—in motion briefing—referring to the initial disclosures will not suffice for an interrogatory response. *Heerden v. Board of Sup'rs of La. State Univ. and Agr. and Mech. College*, 2011 WL 293758, at *8 (M.D. La. Jan. 27, 2011) ("LSU's request for a computation of each category of damages claimed by plaintiff is not premature and is, in fact, required to be produced as part of plaintiff's Rule 26(a) initial disclosures. . . Thus, plaintiff should supplement his response to Interrogatory No. 22 to supply a computation of each category of damages identified in that request and an identification of any supporting documents."). "Failure to provide a rule-compliant response to a contention interrogatory hinders the discovering party's ability to conduct follow-up discovery and to formulate a trial strategy." *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 305 (D. Nev. 2019); *see also Lawman v. City & City of San Francisco*, 159 F. Supp. 3d 1130, 1140-41 (N.D. Cal. 2016) (excluding theory from summary judgment motion practice because it was not properly identified in response to contention interrogatory).

[22] R. Doc. 88 at 9 (citing Fed. R. Civ. P. 26(e)). MPOG did not attach its Rule 26 disclosures to its briefing and as such, the Court cannot judge the sufficiency of those responses.

MPOG has alleged over $30 million in damages,[23] and while it need not advance its final theories and calculations at this stage, MPOG must supplement its interrogatory response to identify its currently alleged damages theories. This response must identify any categories of damages claimed by MPOG, a computation of such damages, and make available for inspection and copying the documents or other evidentiary material. . . on which such computation is based. *Henry's Marine Srvs., Inc. v. Fireman's Fund Ins. Co.*, 2004 WL 307627, at *1 (E.D. La. Feb. 10, 2004) (quoting Fed. R. Civ. P. 26).

## IV. Conclusion

**IT IS ORDERED** that Subsea 7's Motion (R. Doc. 79) is **GRANTED**; MPOG's objections—absent privilege and work-product objections—are overruled and MPOG must supplement its responses to the discovery requests discussed in Subsea 7's motion to remove those objections and provide responsive information and documents.

**IT IS FURTHER ORDERED** that MPOG shall provide Subsea 7 with Bates numbers for the organizational charts in response to Request for Production 3 by **Tuesday, November 3, 2026**.

**IT IS FURTHER ORDERED** that the parties are to confer and confect an agreed-upon discovery plan within **7 days** of this Order. The discovery plan shall include a rolling production timeline with MPOG's first substantial production to

[23] R. Doc. 1 ¶ 25.

occur within 14 days of this Order. If the parties cannot reach an agreement within 7 days, they may file an appropriate motion and request for expedited consideration.

**IT IS FURTHER ORDERED** that MPOG coordinate with its counsel (whether within this proceeding or any other) as necessary to ensure that MPOG is complying with its discovery obligations in *this*[24] matter.

**IT IS FURTHER ORDERED** that the parties may request an in-person or telephonic status conference with the Court to address any issues related to this Order, including its interpretation and implementation.

**IT IS FURTHER ORDERED** that, while fees will not be assessed in connection with this motion, the Court reserves the right to consider the dispute in connection with any future fees request.

New Orleans, Louisiana, this 2nd day of November, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

[24] It appears that some confusion may stem from the existence of other proceedings in which MPOG's document production has been more substantial. Although the Court is not penalizing MPOG for that confusion in connection with the instant motion, confusion related to the need to coordinate among MPOG's counsel is unlikely to be excused in the future.